# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2011

No. 10-30951
Summary Calendar

Lyle W. Cayce
Clerk

STEVEN L. RUTHERFORD,

Plaintiff-Appellant

v.

UNITED STATES DISTRICT COURT; JOSEPH C. WILKINSON, JR., United
States Magistrate Judge,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2801

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven L. Rutherford has applied for leave to proceed in forma pauperis
(IFP) in this appeal from the dismissal of his civil rights complaint, in which he
named as defendants the United States District Courts and United States
Magistrate Judge Joseph C. Wilkinson, Jr.  Rutherford complained that
Magistrate Judge Wilkinson violated his constitutional rights by refusing to
grant his application for leave to proceed IFP in another case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30951

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard*, 707 F.2d at 220 (citation omitted).

District courts are required to dismiss IFP complaints upon determining that such complaints are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief. § 1915(e)(2)(B). Wilkinson is absolutely immune from suit because he a judicial officer and his ruling denying Rutherford's request for leave to proceed IFP was an act performed in the exercise of his judicial function. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); 28 U.S.C. §§ 636(b) & 1915(a)(1); LR 72.1(B)(1). As a unit of the judicial branch of the federal government, the United States District Court is entitled to sovereign immunity, and the district court lacked jurisdiction to entertain Rutherford's claims against it. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Rutherford suggests that the district court was unfairly biased in denying his requests for leave to proceed IFP on appeal. There is no reason to believe that the district court's rulings were based on an extrajudicial source, nor do they demonstrate such a high degree of antagonism as to make fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Rutherford has filed two additional motions: (1) a "writ of habeas corpus" requesting that the defendants be compelled to answer his complaint; and (2) an "injunction of relief" asking this court to "excuse" itself and to refer the case to the United States Supreme Court. These motions are DENIED.

Because the appeal is frivolous, leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. We WARN Rutherford that the continued filing of frivolous motions and other

2

No. 10-30951

documents in this court and/or in the district court will invite the imposition of a sanction.